UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | March 4, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE v. CVS PHARMACY, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): EX PARTE APPLICATION for Extension of Time to File Opposition to Defendant's Motion for Summary Judgement (Dkt. 51, filed March 1, 2016)

On February 29, 2016, defendant filed a motion for summary judgment as to the entirety of plaintiff's complaint. Dkt. 47. On March 1, 2016, plaintiff filed the instant ex parte application for an extension of time to file an opposition to defendant's motion for summary judgement. Dkt. 51. The current deadlines in this matter are as follows:

| | | |
|---|---|---|
| March 4, 2016 | Last day to file motions | |
| **March 7, 2016** | Existing deadline for plaintiff's opposition to defendant's Motion for Summary Judgment | |
| **March 14, 2016** | Existing deadline for defendant's reply to plaintiff's opposition | |
| **March 28, 2016** | Current hearing date on defendant's motion for summary judgment (at 10:00 A.M.) | |
| April 4, 2016 | Last day to file Motions in Limine | |
| April 25, 2016 | Pre-trial conference; Hearings on motions in limine (at 11:00 A.M.) | |
| May 17, 2016 | Trial (at 9:30 A.M.) | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | March 4, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE v. CVS PHARMACY, INC. | | |

Through the instant ex parte application, plaintiff seeks to move each of the three dates underlined above by one week, on the grounds that "counsel [currently] has a busy week of depositions scheduled . . . as well as ongoing discovery motions to oppose, and other matters to deal with in other cases," including preparation for a trial that commences on March 21, 2016.  Ex Parte at 4.  Defendant CVS opposes the instant application, stating that defendant "offered to stipulate to extend the deadline for [p]laintiff to file his opposition to the Motion by one week, provided that [defendant]'s reply brief would be due the following week and so long as the remaining case dates remain the same, including the Motion hearing date and the trial date."  Opp'n at 1.

Plaintiff appears to have good cause for an extension of time to file an opposition to defendant's motion.[1]  Indeed, defendant does not oppose such an extension.  However, plaintiff has not provided grounds for moving the hearing date from March 28, 2016 to April 4, 2016.  Doing so would require further amendment to the remaining dates currently scheduled in this matter, including but not limited to the current last day to file motions in limine.

Accordingly, plaintiff's ex parte application is **GRANTED in part** and **DENIED in part**.  Specifically, plaintiff may file an opposition to defendant's motion for summary judgment no later than **Monday, March 14, 2016**.  Defendant may file a reply to plaintiff's opposition no later than **Monday, March 21, 2016**.  The date currently

---

[1] Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  The Ninth Circuit has explained that "good cause" is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts."  Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citations omitted).  Consequently, "requests for extensions of time made before the applicable deadline has passed," as was the case here, "should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"  Id. (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | March 4, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE v. CVS PHARMACY, INC. | | |

scheduled for the hearing on defendant's motion for summary judgment—i.e., March 28, 2016—remains unchanged.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |