UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (Dkt. 47, Filed February 29, 2016)

## I.    INTRODUCTION

On May 27, 2015, plaintiff Shahram Riazati Keshe ("Keshe") filed the
operative Second Amended Complaint ("SAC") against defendant CVS
Pharamacy, Inc. ("CVS").  Dkt. 35.  In brief, plaintiff alleges that CVS terminated
him in the violation of the fundamental public policy underlying the right to self
defense after he engaged in a physical altercation with a shoplifter.  In addition,
plaintiff alleges that after he sustained a back injury – unrelated to the shoplifting
incident and in the course of his employment –  CVS defendants failed to make
adequate accommodations for him, discriminated against him, and ultimately
terminated him.

Plaintiff asserts the following claims against defendants: (1) disability
discrimination in violation of the California Fair Employment and Housing Act
("FEHA"), California Government Code § 12940, et seq.; (2) disability
discrimination in violation of public policy; (3) retaliation for requests for
accommodation, complaints of disability discrimination and/or harassment in
violation of FEHA; (4) retaliation for requests for accommodation, complaints of
disability discrimination and /or harassment in violation of public policy; (5)
failure to accommodate in violation of FEHA; (6) wrongful termination in
violation of public policy (self-defense); (7) wrongful termination in violation of
public policy (availing oneself of the California workers' compensation system);
(8) family and medical leave discrimination/interference in violation of FEHA; (9)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL    'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

family and medical leave discrimination/interference in violation of public policy; (10) retaliation for requests for family and medical leave, complaints of family and medical leave discrimination and/or harassment in violation of FEHA; (11) retaliation for requests for family and medical leave, complaints of family and medical leave discrimination and/or harassment in violation of public policy; (12) failure to engage in the interactive process in violation of FEHA; and (13) failure to do everything reasonably necessary to prevent discrimination, harassment, and retaliation from occurring in violation of FEHA.

On February 29, 2016, CVS filed the instant motion for summary judgment. Dkt. 47.  On March 3, 2016, plaintiff filed an opposition, Dkt. 54, and on March 21, 2016, CVS filed a reply, Dkt. 66.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND[1]

### B.    Plaintiffs' Employment History and Back Injury

CVS hired Keshe on May 1, 2012 as an Assistant Store Manager ("ASM"). Defendants' Statement of Uncontroverted Facts ("DSUF") ¶ 1; Plaintiff's Statement of Uncontroverted Facts ("PSUF") ¶ 1.  Plaintiff worked at three stores in the Los Angeles area during his fifteen months with CVS. DSUF, ¶ 3; PSUF ¶ 3.

---

[1] The facts set forth in this order are those facts the court deems material to understand the background of the litigation.  Unless otherwise noted, the court references only facts that are uncontroverted and as to which evidentiary objections have been overruled.

The declaration plaintiff originally submitted in support of his motion did not comply with either Rule 56(c) or § 1746.  At the hearing, the Court informed the parties that plaintiff's declaration was inadmissible and offered plaintiff the opportunity to resubmit his declaration signed under penalty of perjury.  He did so on April 1, 2016.  Keshe Decl., Dkt. 71.  The Court finds this declaration admissible; however, it does not change the outcome of the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

Plaintiff claims he injured his back while working on July 5, 2013.  DSUF ¶ 11; PSUF ¶ 11; Plaintiff's Additional Separate Statement of Uncontrovered Facts ("PASS") ¶ 20.  Plaintiff took two days off of work for his back injury, and was on paid sick leave.  DSUF ¶¶ 12, 92; PSUF ¶¶ 12, 92.  On the second day plaintiff drove to the Emergency Room at Palomar Medical Center in San Diego, where he was treated by a physician and diagnosed with sciatica.  DSUF ¶ 5; PSUF ¶ 5; PASS ¶¶ 21-22.  He was discharged in "stable condition."  DSUF ¶ 9; PSUF ¶ 9; PASS ¶ 26.  He never saw another physician for his back pain.  DSUF ¶ 85; PSUF ¶ 85; Deposition Transcript of Shahram Riazati Keshe ("Plt. Depo."), Dkt. 47-4, at 66:8-12, 148:7-9.

After visiting the doctor, Keshe returned to work.  DSUF ¶ 93; PSUF ¶ 93.  There, he asked his manager at the time, Alan Eades, for time off work for his back injury, which Eades declined.  PASS ¶ 35; Plt. Depo, 64:23-65:11.[2]  Plaintiff

---

[2]Keshe asserts that his doctor at Palomar Medical Center, Dr. Nelkin, gave him a doctor's note placing him off work for several weeks.  The only piece of admissible evidence he offers in support of his assertion is his deposition testimony.  See Plt. Depo., 66:13-67:4.  CVS objects to this testimony,  arguing that under the Best Evidence Rule, to the extent Keshe wishes to establish the contents of the note, he must provide the original note itself – he cannot merely provide uncorroborated testimony as to its contents.

Rule 1002 of the Federal Rules of Evidence states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required."  Fed.R.Evid. 1002.  Rule 1001 defines an "original" as "the writing . . . itself or any counterpart intended to have the same effect by the person who executed or issued it."  Fed.R.Evid. 1001(d).  Stated differently, the Best Evidence Rule applies "when a witness seeks to testify about the contents of a writing . . . without producing the physical item itself."  United States v. Bennett, 363 F.3d 947, 953 (9th Cir. 2004).

Here, Keshe seeks to prove the contents of a writing; specifically, he seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
| --- | --- | --- | --- |
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

to prove that Dr. Nelkin provided him with a doctor's note placing him off work for "weeks." Because Keshe attempts to establish not only the existence, but the contents of the note, the Best Evidence Rule applies. Cf. U.S. v. Diaz-Lopez, 625 F.3d 1198, 1201-02 (9th Cir. 2010) ("[I]n writings the smallest variation in words may be of importance . . . . Thus, the rule applies only to the terms of the document, and not to any other facts about the document. In other words, the rule . . . does not apply to exclude testimony which concerns the document without aiming to establish its terms" (citation omitted)). Keshe has not submitted the note itself, and instead relies only on his oral testimony as to its contents.

Rule 1004(a) provides an exception where the original is lost or destroyed "and not by the proponent acting in bad faith." Fed.R.Evid. 1004(a). However, "[t]he burden of proving loss or destruction under Rule 1004 is on the proponent of the evidence," and the court must find it "more probable than not that the originals ... were lost or destroyed without bad faith." Seiler v. Lucasfilm, 613 F.Supp. 1253, 1260, 1262 (N.D.Cal.1984), aff 'd, 808 F.2d 1316 (9th Cir.1986).

Aside from his own self-serving testimony, Keshe fails to offer any evidence that the alleged note existed, let alone that it was lost or destroyed. CVS does not have a copy of the doctor's note Plaintiff allegedly submitted to Mr. Eades. DSUF ¶ 10; PSUF ¶ 10. Plaintiff does not even currently have a copy of the doctor's note he purportedly received from the Emergency Room physician at Palomar Medical Center. DSUF ¶ 13; Plt. Depo., 65:6-7; 67:3-8. In fact, the note was not contained anywhere in the documents subpoenaed from Palomar Medical Center, and the custodian of records declared under penalty of perjury that all of the existing records corresponding with Keshe's request had been produced. Plaintiff's Exh., Dkt. 60 at 116. Although plaintiff's attorney contends that a copy of the doctor's note must exist in a separate, physical file that was not produced during discovery, see Weidmann Decl. at ¶¶ 11-12, this is entirely speculative and will not be considered. Dr. Nelkin testified that he has never placed a patient off of work for "weeks," as plaintiff claims. Nelkin Depo., 22:22-25:7, 68:3-20. Based on this evidence, the Court cannot find that it is "more likely than not" that the note existed at one point but was subsequently destroyed. See Seiler, 613 F. Supp. at 1262. Keshe's testimony is therefore inadmissible to prove the contents of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

was subsequently transferred to a new store.  His new manager there, Warren, Aguiling, told Keshe that he could not take time off for his back and that managers do not get sick.  PASS ¶ 39; Plt. Depo. at 74:5-18.

From the day he returned to work, Keshe continued to perform the essential functions of his position, which included managing employees, providing customers service as needed, keeping the store in presentable condition, controlling shrinkage, and handling the day-to-day operations of the store.  PASS ¶ 41; Plt. Depo. at 45:2-8.

As set forth in CVS's Employee Handbook, CVS prohibits discrimination and harassment.  DSUF ¶¶ 69, 70.  CVS employees are encouraged to voice any concerns regarding any possible violation of these policies by reporting them to their supervisor, Human Resources Manager, the Employee Relations Department, or the CVS Ethics Line.  DSUF ¶ 71; PSUF ¶ 71.  CVS has no record that Plaintiff ever utilized CVS's complaint procedures and no record that he ever lodged any complaint with the company.  DSUF ¶ 73.

Plaintiff admits he never made any complaints to Mr. Rahaman, Human Resources, the CVS Ethics Hotline, or anyone else at CVS regarding discrimination, harassment, or mistreatment of any kind, including being denied medical leave.  DSUF ¶ 74.  Keshe admits that he never initiated a request for a leave of absence by calling the CVS leave-of-absence information number listed in the employee resource guide.   DSUF ¶ 16; PSUF ¶ 16.  He did not file a Workers' Compensation claim until after CVS had already terminated his employment.  DSUF ¶¶ 4, 78; PSUF ¶¶ 4, 78.  His disability insurance benefits claim form indicates that his disability began on February 19, 2014, several months after CVS terminated his employment.  DSUF ¶ 86; PSUF ¶ 86.

alleged doctor's note.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|----------|-------------------------|------|---------------|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

### C.   Plaintiff's Physical Altercation

On August 11, 2013, Keshe was involved in a physical altercation with a suspected shoplifter. DSUF ¶ 17; PSUF ¶ 17. The shoplifter entered the store and complained to Keshe about an improperly bagged bottle of Jim Beam that had broken earlier in the day. DSUF ¶ 18; PSUF ¶ 18; PASS ¶ 46. Plaintiff testified that the shoplifter said he was going to take a bottle and "walk away with it without paying for it" because it was CVS's fault that the glass broke. DSUF ¶ 19; PSUF ¶ 19. Plaintiff called the police. While plaintiff was waiting for the police to arrive, the customer took a bottle of whiskey from the spirits aisle and began walking toward the exit. DSUF ¶ 23; PSUF ¶ 23.

The parties' accounts of what happened next are disputed but, as will be discussed below, ultimately irrelevant.[3] The parties agree that as the customer was exiting the store, Keshe and the customer were engaged in a physical altercation, which culminated with Keshe bringing the shoplifter to the ground. DSUF ¶ 42; PSUF ¶ 42. The plaintiff and the shoplifter were eventually separated from each other. DSUF ¶ 48; PSUF ¶ 48.

CVS maintains policies relating to violence in the workplace, which specifically provide that under no circumstances should an employee attempt to physically prevent a shoplifter from stealing merchandise. CVS policy states that employees are absolutely forbidden to "chase a robber or try to physically stop them!" DSUF ¶ 53; PSUF ¶ 53. CVS also maintains a "zero tolerance policy," which states in part: "If you engage in any violence in the workplace, or threaten

---

[3] The parties' factual disputes regarding the circumstances surrounding the physical altercation intend to establish that Kaesh either was or was not acting in self-defense. However, as discussed below, whether or not Keshe was acting in self-defense is ultimately irrelevant because self-defense does not qualify as a public policy supporting a wrongful termination claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

violence in the workplace, your employment will be terminated immediately . . . . It is the intent of this policy to ensure that everyone associated with this business, including employees and customers, never feels threatened by any employee's actions or conduct."  Defendant's Exh. 5, Dkt. 47-4 at 27; Defendant's Exh. 6, Dkt. 47-5 at 27.

Amado Quintero, the regional loss prevention manager for CVS, did an investigation of Keshe's physical altercation with the attempted shoplifter.  PASS ¶ 54.  In connection with the investigation, Keshe provided Quintero a written statement describing what happened from his perspective.  DSUF ¶ 60; PSUF ¶ 60.  Quintero also reviewed two surveillance videos and interviewed Keshe and another eyewitness, Talo.  DSUF ¶ 62; PSUF ¶ 62.  At the conclusion of his investigation, Quintero authored a report, stating that (1) the shoplifter did not threaten to hit Keshe or anyone else, and (2) that Keshe had improperly placed himself and other employees in harm's way by physically apprehending the shoplifter.  DSUF ¶ 66; PSUF ¶ 66.  Michelle Hernandez, the Employee Relations Manager, also reviewed the surveillance videos and Quintero's report and concluded that Plaintiff's conduct during the incident violated CVS's policies.  DSUF ¶ 67; PSUF ¶ 67.

With the support of Quintero, Hernandez, and Augiling, CVS District Manager Rasheed Rahaman terminated Keshe's employment on August 14, 2013, citing Keshe's use of force against the shoplifter as the reason for the termination.  DSUF ¶ 68; PSUF ¶ 68; PASS ¶ 93.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
| --- | --- | --- | --- |
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

one or more essential elements of each claim upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL            'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

## III.    ANALYSIS

### A.    Wrongful Termination Claim: Self-Defense

Keshe asserts two wrongful termination claims.  The first asserts that CVS wrongfully terminated him for exercising his right to "self-defense" or "defense of others."  CVS contends that the right to self-defense or defense of others does not constitute a public policy that can support a wrongful termination claim, and that it is therefore entitled to summary judgment.

"An employer may not discharge an at will employee for a reason that violates fundamental public policy."  Stevenson v. Superior Court of Los Angeles County, 16 Cal.4th 880, 887 (1997).  The claimed public policy, however, must be "tethered to" a specific constitutional or statutory provision.  Green v. Ralee Engineering Co., 19 Cal.4th 66, 76 (1998).  "To recover in tort for wrongful discharge in violation of public policy, the plaintiff must show the employer violated a public policy affecting 'society at large rather than a purely personal or proprietary interest of the plaintiff or employer.'  In addition, the policy at issue must be substantial, fundamental, and grounded in a statutory or constitutional provision."  Holmes v. General Dynamics Corp., 17 Cal.App.4th 1418, 1426 (1993) (citing Gantt v. Sentry Insurance, 1 Cal.4th 1083, 1089-90 (1992); Foley v. Interactive Data Corp., 47 Cal.3d 654, 669-71 (1988); Sequoia Ins. Co. v. Superior Court, 13 Cal.App.4th 1472, 1479-80 (1993)).  Claims of wrongful termination in violation of public policy generally fall into one of four categories: the employee was terminated because (1) he refused to violate a statute; (2) he performed a statutory obligation; (3) he exercised a constitutional or statutory right or privilege; or (4) he reported a statutory violation for the public's benefit.  See id.

While there is not a great deal of precedent directly addressing the question, the case law that does exist compels the conclusion that the right to self-defense or defense of others is not considered the type of "fundamental public policy"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

supporting a wrongful termination claim in California.  The first and only California appellate court to address the issue held that the right to self-defense is not the type of "public interest that would support a claim for wrongful termination in violation of public policy." Escalante v. Wilson's Art Studio, 135 Cal. Rptr. 2d 187, 190 (2003) (unpubl.).[4]  While recognizing that the state of California generally recognizes a right to self-defense, the court noted that this does not elevate that right to a "public policy" for the purposes of a wrongful termination claim.  "[T]he public policy exception to at-will employment [as explained in Foley, 47 Cal. 3d 654,] is itself quite narrow," expressly contemplating extreme circumstances where, for example, the "threat of discharge could be used to coerce employees into committing crimes, concealing wrongdoing, or taking other action harmful to the public weal." Escalante, 135 Cal. Rptr. at 190 (quoting Foley, 47 Cal. 3d at 655).  "Not every right guaranteed to citizens by statute, or even the Constitution, is one which society has a rooted interest in seeing exercised." Id. at 192. Although the California Constitution and other California laws "certainly allow[s] one to engage in self-defense," there is "nothing in any of the [self-defense or defense of others] provisions that specifically encourages individuals to exercise their right of self-defense in a given situation for the benefit of the public." Escalante, 135 Cal. Rptr. 2d at 191 (emphasis added).  It concluded that "[w]hile we sympathize with Escalante and find his decision understandable, we cannot say the employer's policy against employee fighting, even in self-defense if retreat is possible, violates any public policy. It cannot, therefore, be the basis of a wrongful termination claim." Id. at 189.

---

[4]"Although the court is not bound by unpublished decisions of intermediate state courts, unpublished opinions that are supported by reasoned analysis may be treated as persuasive authority." Scottsdale Ins. Co. v. OU Interests, Inc., No. C 05-313 VRW, 2005 WL 2893865, *3 (N.D. Cal. Nov. 2, 2005) (citing Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220  n. 8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

The United States District Court for the Northern District of California in Johnson v. CVS Pharmacy, Inc., No. C 10-03232 WHA, 2011 WL 4802952 (N.D. Cal. Oct. 11, 2011), similarly held that the right to self-defense form the basis for a wrongful termination claim.  Id. at *5.  That court noted that there is generally a public policy supporting the right to self-defense, there are a number of "strong countervailing policies" supporting the limitation of that right in the workplace. For example, it noted that it "would be all too easy to engage in workplace violence and then invoke self-defense, including phony invocations of self defense."  Id.  It also noted that the policy underlying the presumption of at-will employment in California suggests that employers should have absolute discretion to terminate employees for engaging in violence, even when the violence is arguably is justified.  Id.  The court held taht these countervailing policies "militate[] against recognizing any such tort.  This is unlike the recognized public policy torts in California in which there is no strong countervailing policy."  Id.

Additionally, and particularly relevant for the purposes of the present motion, the Johnson court recognized that it would be inappropriate for a federal district court to create a California employment-related public policy violation without guidance from the California courts establishing such a right.  See id. at *5 ("Until the appellate state courts in California authoritatively establish a self-defense public policy tort or our own court of appeals does so, the undersigned judge is most reluctant to recognize such a tort, at least on the facts here").[5]

---

[5]In so holding, the Johnson court explicitly declined to follow the only California case upon which Keshe relies in his opposition, Cocchi v. Circuit City Stores, 2006 WL 870736 (N.D. Cal. Apr. 3, 2006).  Acknowledging that Cocchi had found the right to self-defense to support a wrongful termination claim, the court found that that the "California Supreme Court [had since] narrowed the general theory of public policy torts in Ross v. RagingWire Telecommunications, 42 Cal. 4th 920 . . . (2008)," limiting public policy torts in the employment setting to those where "the statute or constitutional provision in question 'sufficiently' described the prohibited conduct[] such that an employer was on notice of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

The court adopts this reasoning, and declines to extend the scope of the California public policy violations to include the right to self-defense in the workplace.  Because the right to self-defense does not constitute public policy supporting a wrongful termination claim, the Court GRANTS CVS's motion for summary judgment as to plaintiff's sixth claim.

### B.      Wrongful Termination Claim: Workers' Compensation

Keshe's second common law wrongful termination claim alleges that CVS violated his "right to a worker's compensation system" and to not be discharged, threatened with discharge, or in any manner discriminated against because he filed or made known his intention to file a claim for compensation.  Specifically, he alleges that CVS violated this right when it terminated him in retaliation for "inform[ing] Defendant EMPLOYER that he was injured on the job while working within the scope and duties of his position."  SAC ¶¶ 104-05.  Keshe alleges that the statutory and constitutional basis for this right is California Labor Code § 132a and the California Constitution Article XIV, Section 4.

CVS argues that because the alleged violation of the public policy is identical to the retaliatory termination provision of Section 132a, the WCAB has exclusive jurisdiction over a common law claim for wrongful termination in violation of public policy.  Plaintiff argues that this Court does have jurisdiction, citing to City of Moorpark v. Sup. Crt., 18 Cal. 4th 1143, 1155-56 (1998). That court retained jurisdiction over the plaintiff's FEHA and common law causes of

---

public policy expressed in the law" in the employment context.  Johnson, 2011 WL 4802952, at *5.  The court held that "the right to self-defense has no particular anchor in the employment context but is a generalized privilege," and therefore, particularly in the absence of any California authority stating otherwise, it would be inappropriate to conclude, post-RagingWire, that the right to self-defense supported a wrongful termination claim.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

action, even though they could have been brought as Section 132a claims, and concluded that while the WCAB has exclusive jurisdiction over Section 132a claims, id. at 1155-56, "section 132a does not provide the exclusive remedy for [disability] discrimination [arising from a workplace injury] and [held] that FEHA and common law remedies are available." Id. at 1148. Although Moorpark addresses a disability discrimination claim, not a retaliation claim, the reasoning followed in Moorpark applies with equal weight to the present case.

First, the Moorpark court distinguished section 132a from other workers' compensation remedies, where the WCAB exclusive remedy provisions do apply. "Most workers' compensation remedies compensate an employee for a medical injury. Section 132a, however, addresses a breach of an employee's civil rights and applies regardless of whether that breach causes a medical injury. Because of this distinction, we see no compelling reason to treat section 132a like other workers' compensation remedies." Id. at 1154. Further, "the scope of workers' compensation exclusivity depends on the terms of the exclusive remedy provisions. Section 132a does not itself contain an exclusive remedy clause, and . . . the general exclusive remedy provisions of the workers' compensation law expressly do not apply to section 132a." Id. at 1154. Because both disability discrimination and retaliatory termination claims can arisue under 132a, these distinctions apply to the present retaliation claim, as well.

The Moorpark court also noted that disability discrimination falls outside of the compensation bargain underlying the California workers' compensation system. "[T]he ... 'compensation bargain' cannot encompass conduct, such as sexual or racial discrimination, 'obnoxious to the interests of the state and contrary to public policy and sound morality.' 'Termination in violation of section 132a is just as 'obnoxious to the interests of the state and contrary to public policy and sound morality' as sexual or racial discrimination." Id. at 1155 (quoting Gantt, 1 Cal. 4th at 1101). Retaliatory termination is similarly outside the compensation bargain, as it acts to prevent the employee from participating in the compensation bargain at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|----------|--------------------------|------|----------------|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

all.  Given that the court's reasoning in <u>Moorpark</u> also applies to the retaliatory terminations, the Court agrees with Keshe that it is appropriate to extend <u>Moorpark</u>'s conclusion that Section 132a does not provide the exclusive remedy - and the WCAB therefore does not have exclusive jurisdiction - to the present case of retaliatory termination.  <u>Cf. Gwin v. Target Corp.</u>, No. 12-05995 JCS, 2013 WL 5424711, at *11 (N.D. Cal. Sept. 27, 2013)("Here, the remedy created in § 98.6 allowing a plaintiff to enforce the rights protected under § 132a is simply another remedy that is available to claimants. Like the claims addressed in Moorpark, this remedy may be based on the same alleged wrong as would be a claim asserted before the WCAB under § 132a. Because § 132a does not provide an exclusive remedy, however, there is no reason to conclude that the California Legislature intended to exclude such a claim when it amended § 98.6")

In sum, the court finds that the workers' compensation system's exclusive remedy provisions do not give the WCAB exclusive jurisdiction over Keshe's second wrongful termination claim.[6]

Nonetheless, even if this court has jurisdiction, Keshe's seventh claim must be dismissed, as he cannot demonstrate that he was terminated in retaliation for filing a worker's compensation claim.  Keshe testified that he only filed a Worker's Compensation claim <u>after</u> CVS terminated his employment; thus, logically Kesha could not have been terminated in retaliation for filing a claim.  Even if the scope of the alleged public policy extended to those who made known their <u>intention</u> to file a worker's compensation claim, Keshe has offered no evidence that he had or

---

[6]<u>Moorpark</u> does not address, let alone establish, whether the right to avail oneself of the California worker's compensation system constitutes public policy supporting a wrongful termination claim.  However, this is a non-jurisdictional question, separate from those challenges raised by defendants in the present motion, and the court need not address it here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'   JS-6**

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

expressed any intention of filing a worker's compensation claim, let alone that he informed defendant of such.

Accordingly, the Court GRANTS CVS's motion for summary judgment as to plaintiff's seventh claim.

### C.    Disability Discrimination Claims

In Keshe's numerous disability-based claims, he alleges that CVS either failed to accommodate him or otherwise discriminated against him in violation of FEHA on account of his injured back.

In order to state a disability-based claim under FEHA, a plaintiff must show that he has a qualifying disability.  See, e.g., Faust v. California Portland Cement Co., 150 Cal. App. 4th 864, 886 (2007) ("A prima facie case for discrimination on grounds of physical disability under the FEHA requires plaintiff to show: (1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability.") (citations omitted); Scotch v. Art Inst. of California-Orange Cnty., Inc., 173 Cal. App. th 986, 1009-10 (2009) ("The elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability") (emphasis added).  Accordingly, as an initial matter, the Court must determine whether plaintiff's injury to his back constitutes a qualifying disability under FEHA.

The California Court of Appeals has explained the test a plaintiff must satisfy to demonstrate a qualifying disability under FEHA as follows:

Under the FEHA, "physical disability" includes having a physiological disease, disorder, or condition that, by affecting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'  JS-6**

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

neurological or musculoskeletal body systems, special sense organs or
skin, "limits" a "major life activity."  ([Cal. Gov't. Code] § 12926,
subd. (k)(1)(A), (B).)  "Limits" is synonymous with making the
achievement of a major life activity "difficult."  (Id., subd.
(k)(1)(B)(ii).)  "Major life activity" is construed broadly and includes
physical, mental, and social activities, and working.  (Id., subd.
(k)(1)(B)(iii).)  "'[W]orking' is a major life activity, regardless of
whether the actual or perceived working limitation implicates a
particular employment or a class or broad range of employments."
([Cal. Gov't. Code] § 12926.1, subd. (c).)  Whether a major life
activity is limited "shall be determined without regard to mitigating
measures such as medications, assistive devices, prosthetics, or
reasonable accommodations, unless the mitigating measure itself
limits a major life activity."  ([Cal. Gov't. Code] § 12926, subd.
(k)(1)(B)(I).)

Arteaga v. Brink's, Inc, 163 Cal. App. 4th 327, 345 (2008).

Moreover, "[p]ain alone does not always constitute or establish a disability."
Id. at 348.  Rather, courts have held that plaintiff's pain must "interfere with the
performance of his job."  Id. at 349; see also Leatherby v. C & H Sugar Co., Inc.,
911 F. Supp. 2d 872, 880 (N.D. Cal. 2012) ("Although pain can be a disability
under FEHA, it must actually limit the employee's ability to work").

Here, Keshe claims that he was diagnosed with sciatica on July 8, 2013, and
this condition caused radiating pain that  prevented him from feeling comfortable
doing his normal job duties, which required him to walk around and lift objects,
and limited his ability to drive.  Nonetheless, plaintiff concedes that he was able to
perform all of the essential functions required of an Assistant Store Manager
without any accommodations.   Opp. at 3, 11; PASS ¶ 41. He continued to manage
employees, provide customer service as needed, kept the store in presentable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|----------|-------------------------|------|---------------|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

condition, controlled shrinkage, and handled the day-to-day operations of the store. Id.  In fact, Plaintiff testified that he told Eades that his back injury was not serious. Plt. Depo., 63:5-10; 63:18-24.  Finally, his own disability insurance benefits claim form indicates that his disability began on February 19, 2014, several months after CVS terminated him.  Given that plaintiff was able to perform his job duties, the Court finds that the harm to plaintiff's back is more in the nature of an injury and does not constitute a qualifying disability under FEHA.

In other cases, courts have found that even where an employee suffered from significant pain, as long as they could still complete their job duties they did not have a qualifying disability under FEHA.  In Arteaga v. Brink's, Inc., the plaintiff alleged that he was experiencing pain and numbness in his arms and fingers.  163 Cal. App. 4th at 347.  The plaintiff was subsequently diagnosed with carpal tunnel syndrome.  Id. at 349.  However, the court found that, because plaintiff could still perform his job duties, his pain alone was insufficient to constitute a disability under FEHA.  Id. at 348-49.

Similarly, in Leatherby v. C & H Sugar Co., Inc., the plaintiff suffered from osteoarthritis and accordingly experienced pain in his knees while performing his job duties.  911 F. Supp. 2d at 880.  Nonetheless, the plaintiff was still able to complete his job duties, and continued to do so until he was terminated.  Id.  The court found that "[a]lthough Leatherbury alleges that the climbing and crawling required by his job was made more difficult by his osteoarthritis, he was able to complete his job successfully each day . . . Therefore, although he had legitimate medical problems, Leatherbury cannot show that his osteoarthritis limited his ability to perform his duties at C & H."  Id. Accordingly, the court found that plaintiff had not shown that he suffered from a qualifying disability under FEHA. Id. at 881.

And in Boudreux v. J.B. Hunt Transp., Inc., the plaintiff reported that he had "twinged" his back while working, and suffered injuries to his left shoulder and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|----------|-------------------------|------|---------------|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

wrist. 2015 WL 4730340, *2 (E.D. Cal. Aug. 10, 2015). While the plaintiff stated that he was treating his injuries with "baths, ibuprofen, and a wrap around his wrist," he admitted that his injuries did not prevent him from performing his job duties. Id. at *4. Rather, he stated that he "worked through the pain." Id. Accordingly, the court found that the plaintiff had not suffered a qualifying disability under FEHA because there was "no evidence, however minimal, that plaintiff was limited in his ability to perform his job." Id. at *5.

By contrast, in Huck v. Kone, Inc., 2011 WL 6294466, *5 (N.D. Cal. Dec. 15, 2011), and Glow v. Union Pacific Railroad Co., 652 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009), the courts found that plaintiffs had a qualifying disability where they suffered pain and reduced arm mobility. However, in both cases, the courts emphasized that the plaintiffs had submitted declarations and evaluations from their doctors specifically advising them to stop working. See Huck, 2011 WL 6294466, at *5 ("[Plaintiff's] pain persisted and he returned to Dr. Savant who advised him that his condition was likely exacerbated by work and that he should take a leave of absence"); Glow, 652 F. Supp. 2d at 1147 ("Dr. Reynolds advised plaintiff to retire from railroad work").

In this case, like the plaintiff's in Arteaga, Leatherby, and Boudreux, Keshe claims that his injury caused him to suffer pain and made it difficult for him to perform his job duties; however, he does not contend that his injury ever precluded him from performing his job. Accordingly, plaintiff's injury does not "limit" his ability to work. Moreover, unlike the plaintiffs in Huck and Glow, Keshe has submitted no declarations, affidavits, or any other evidence from a doctor suggesting that he should have stopped working as a result of his injury. See also Leatherby, 911 F. Supp. 2d at 880 ("Reliance on medical opinion and an individualized assessment is especially important when the symptoms are subjective and the disease is of a type that varies widely between people") (citing Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198-99 (2002)). In fact, after his initial visit to Palomar Medical Center, plaintiff never saw another

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|----------|-------------------------|------|----------------|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

physician for his back pain.  Accordingly, the Court finds that while plaintiff may have suffered an injury to his back, and while this injury may have caused plaintiff to suffer pain, it did not interfere with his ability to perform his job, and therefore is not a qualifying disability under FEHA.

Accordingly, the Court GRANTS CVS's motion for summary judgment as to plaintiff's disability-based claims.  These include his first claim for disability discrimination in violation of FEHA, his fifth claim for failure to accommodate in violation of FEHA, and his twelfth claim for failure to engage in the interactive process in violation of FEHA.  Further, plaintiff's second claim fails because it duplicates the first claim, pled as a common "violation of public policy" claim but in fact premised on the alleged violation of FEHA.

Finally, there can be no "failure to prevent discrimination, harassment, and retaliation" claim when the underlying claim of discrimination cannot be established.  Thus, plaintiff's thirteenth claim must be dismissed.  See Trujillo v. North County Transit Dist., 63 Cal. App. 4th 280, 288-89 (1998)("We do not believe the statutory language supports recovery on such a private right of action where there has been a specific factual finding that no such discrimination or harassment actually occurred at the plaintiffs's workplace").[7]

### D.    Retaliation Claims

Plaintiff's third claim alleges retaliation for requests for accommodation and complaints of disability discrimination and/or harassment in violation of FEHA.  To establish a claim for retaliation under FEHA, a plaintiff must plead that: (1) he engaged in a protected activity as an employee; (2) he was subjected to an adverse

---

[7]Because the court dismisses plaintiff's thirteenth claim on this basis, it need not address the parties' arguments regarding whether there is a private right of action under Cal. Gov't Code § 12940(k).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

employment action; and (3) a causal link between the protected activity and the employer's adverse employment action.  See Mokler v. County of Orange, 157 Cal. App. 4th 121, 138 (2007).  An individual engages in "protected activity" when he "oppose[s] any practices forbidden under [FEHA] or . . . file[s] a complaint, testifie[s], or assist[s] in any proceeding under the [FEHA]."  Cal. Gov. Code § 12940(h).  Keshe argues that he was terminated in retaliation for requesting accommodations and for complaining to his supervisors that CVS had failed to provide reasonable accommodations.

A request for accommodation does not constitute protected activity and is insufficient to state a claim for retaliation.  Nealy v. City of Santa Monica, 234 Cal. App. 4th 359, 381 (2015) ("[P]rotected activity does not include a mere request for reasonable accommodation.  Without more, exercising one's rights under FEHA to request reasonable accommodation or engage in the interactive process does not demonstrate some degree of opposition to or protest of unlawful conduct by the employer"); Rope v. Auto-Chlor Sys. of Wash., Inc., 220 Cal.App. 4th 635, 652-53 (2013) ("[W]e find no support in the regulations or case law for the proposition that a mere request-or even repeated requests-for an accommodation, without more, constitutes a protected activity sufficient to support a claim for retaliation in violation of FEHA").

Plaintiff notes that effective January 1, 2016, AB No. 987 modified the FEHA such that requests for accommodation can constitute protected activity; however, this amendment does not apply retroactively to Keshe's claim. "California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application."  Myers v. Philip Morris Cos., Inc., 28 Cal.4th 828, 841 (2002) (citations omitted); see also Cal. Civ. Code § 3 ("No part of [the California Code of Civil Procedure] is retroactive, unless expressly so declared").  The 2016 amendment to the FEHA does not state that it is retroactive, and Kesha does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'  JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

argue that any extrinsic source shows an intention on the part of the legislature to make it so.  Absent citation of contrary authority by Kesha, and given the absence of any language in the statute concerning retroactivity, the court concludes that the 2016 amendment does not apply retroactively.  Plaintiff's request for accommodation therefore does not constitute protected activity and is insufficient to state a claim for retaliation.

Further, Keshe presents no evidence that he complained to his supervisors about a lack of accommodations, or any instances of harassment or discrimination, prior to his termination.   He admitted that he never made any complaints to Mr. Rahaman, Human Resources, the CVS Ethics Hotline, or anyone else at CVS regarding discrimination, harassment, or mistreatment of any kind, including being denied medical leave or accommodation.  Keshe has therefore failed to establish that he participated in any protected activity, and his third claim must be dismissed.

### E.      Medical Leave Discrimination and Retaliation Claims

"Violations of the [California Family Rights Act ("CFRA")] generally fall into two types of claims: (1) 'interference' claims in which an employee alleges that an employer denied or interfered with her substantive rights to protected medical leave, and (2) 'retaliation' claims in which an employee alleges that she suffered an adverse employment action for exercising her right to CFRA leave." Rogers v. County of Los Angeles, 198 Cal.App.4th 480, 4887-88 (2011) (citing Hunt v. Rapides Healthcare System, LLC, 277 F.3d 757, 763 (5th Cir. 2001); Dudley v. Department of Transportation, 90 Cal.App.4th 255, 260-61 (2001)). Keshe's eighth and tenth claims allege interference and retaliation claims respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

### 1.    Interference Claim

Keshe claims that CVS interfered with his right to protected medical leave by denying his request for time off.  CVS contends that Keshe's interference claim must be dismissed because he was not eligible for such leave.

"It is an unlawful employment practice for a covered employer to refuse to grant, upon reasonable request, a CFRA leave to an eligible employee."  Cal. Code Regs. tit. 2, § 11088(a).  "Denial of a request for CFRA leave is established if the Department or the employee shows, by a preponderance of the evidence, that the employer was a covered employer, the employee making the request was an eligible employee, the request was for a CFRA-qualifying purpose, the request was reasonable, and the employer denied the request for CFRA leave."  Cal. Code Regs. tit. 2, § 11088.

CFRA extends leave rights to employees suffering a "serious health condition" Cal. Gov. Code § 12945.2.  An employee with a health condition is only considered eligible for CFRA leave if he is unable to perform his present job.  See Cal. Gov. C. § 12945.2(c)(3)(C); 2 Cal. C. Regs. § 11087(q); Neisendorf v. Levi Strauss & Co., 143 CA4th 509, 516-517 (2006).  As discussed above in the context of plaintiff's disability discrimination claims, CVS permitted Keshe to take two days off work for his back injury, after which point he resumed his regular duties.  Thus, for the first two days CVS did not interfere with Keshe's request to take time off; after that his condition did not render him eligible for CFRA leave.  Keshe's CFRA interference claim must be dismissed.

### 2.    Retaliation Claim

Keshe claims he was retaliated against for exercising his right to CFRA leave.  "[T]he elements of a cause of action for retaliation in violation of [the] CFRA . . . are as follows: (1) the defendant was an employer covered by [the]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|---|---|---|---|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination . . . , because of her exercise of her right to CFRA leave." Cross v. United Airlines, 317 Fed. Appx. 615, 618 (9th Cir. Aug. 29, 2008) (Unpub. Disp.) (citing Avila v. Continental Airlines, Inc., 165 Cal.App.4th 1237 1253-54 (2008); Dudley, 90 Cal.App.4th at 262).

"Once an employee establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action.  If the employer produces a legitimate reason for the adverse employment action, the presumption of retaliation 'drops out of the picture,' and the burden shifts back to the employee to prove intentional retaliation." Faust, 150 Cal.App.4th at 885 (citing Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005)).

Even if the two days Keshe took off work were considered CFRA leave, Kesha has not offered any evidence to show that the time off was the cause of his termination.  Defendants have offered evidence showing that the reason for Keshe's termination was his use of force against an attempted shoplifter in violation of CVS company policy.  Keshe asserts that the use of force incident was merely pretext, and that the timing of the discharge decision indicates that his time off was the real motivation for his termination.

"[T]emporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate, nondiscriminatory reason for the termination." Rey v. C & H Sugar Co., Inc., 609 Fed. Appx. 923 (9th Cir. 2015) (quoting Arteaga, 163 Cal. App. 4th at 353); see Chen v. County of Orange, 96 Cal. App. 4th 92 (2002) ("Mere sequence is not enough - that would be the classic logical fallacy of 'post hoc ergo propter hoc' (after the fact, therefore because of the fact)"); see also Hashimoto v. Dalton, 118 F.3d 671, 680 (9th Cir. 1997) ("Although the timing of these events suffices to establish a minimal prima

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:14-cv-08418-CAS(MANx) | Date | April 5, 2016 |
|----------|-------------------------|------|---------------|
| Title | SHAHRAM RIAZATI KESHE V. CVS PHARMACY, INC. | | |

facie case of retaliation, it does nothing to refute the government's preferred legitimate reasons for disciplining Hashimoto.  We therefore conclude that Hashimoto failed to carry her burden of establishing a triable issue of fact on the ultimate question of whether the government retaliated against her for meeting with the EEO counselor").  This is especially true when an intervening event occurs between the protected activity and the adverse action negate any inference of causation.  <u>See, e.g.</u>, <u>Lee v. Eden Med. Ctr.</u>, 690 F. Supp. 2d 1011, 1026 (N.D. Cal. 2010)("This intervening event negates any inference that Plaintiff's complaint caused the subsequent adverse action").  Because the use of force incident occurred after Keshe took time off and before he was terminated, the timing of Keshe's termination does not support the conclusion that his termination was the result of him taking two days off of work.

## IV.   CONCLUSION

        In accordance with the foregoing, the Court **GRANTS** CVS's motion for summary judgment as to all of plaintiff's claims.[8]

        IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |

---

        [8] Because the Court grants CVS's motion for summary judgment as to all of plaintiff's claims, it does not reach CVS's additional request for summary judgment as to whether plaintiff may recover punitive damages.  Additionally, because all of plaintiff's claims fail on the merits, the court need not address the parties' arguments regarding whether Keshe failed to exhaust his administrative remedies before bringing his FEHA claims